**FILED**
**U.S. District Court**
**District of Kansas**
07/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

HARVEY D. HICKMAN,

        Petitioner,

    v.                    CASE NO. 26-3196-JWL

LAURA HOWARD,

        Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Harvey D. Hickman, who has been civilly committed under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 *et seq.*, and is incarcerated at Larned State Hospital in Larned, Kansas. Petitioner has paid the filing fee. The Court has conducted an initial review of the petition and, for the reasons explained below, the Court will direct Petitioner to show cause why Ground Six of his petition should not be dismissed. In addition, the Court will direct Respondent to file a limited Pre-Answer Response addressing the exhaustion of Grounds One through Five of the petition.

### Background

According to the petition now before the Court, Petitioner was classified as a sexually violent predator under the KSVPA and was civilly committed to the Sexual Predator Treatment Program (SPTP) in March 2003. (Doc. 1, p. 8.) The KSVPA provides that the mental condition of each person committed thereunder shall be examined once a year. K.S.A. 59-29a08(a). The secretary for aging and disability services, who is the Respondent in this action, must provide the committed individual with annual notice of his or her right to petition the court for release over the secretary's objection; the notice must include a form for waiving that right. *See* K.S.A. 59-

1

29a02(j) and K.S.A. 59-29a08(a). The secretary also must provide the annual report and the notice and waiver form to the court that conducted the person's initial KSVPA commitment proceedings (the committing court), which shall file the documents upon receipt and forward a file-stamped copy to the attorney general. K.S.A. 59-29a08(a).

Once the documents are filed, the committed individual has 45 days to file a request for an annual review hearing to determine whether the individual is entitled to placement in the next tier of the program. K.S.A. 59-29a08(b). If he or she fails to do so, he or she has waived the right to a hearing on that particular annual report. *Id.* If no hearing is requested, the committing court conducts an in camera review of the "status of the person's mental condition and determine whether the person's mental abnormality or personality disorder has significantly changed so that an annual review hearing is warranted. The court shall enter an order reflecting its determination." K.S.A. 59-29a08(f). For an individual in the inpatient portion of the SPTP, if the committing court "determines that probable cause exists to believe . . . that the person is safe to be placed in transitional release," the determination order shall set a hearing for transitional release. K.S.A. 59-29a08(g). After the hearing, the burden is on the state to convince the court beyond a reasonable doubt that the committed person is not appropriate for transitional release. K.S.A. 59-29a08(h).

The federal habeas petition now before this Court concerns Petitioner's annual review for the years 2022, 2023, 2024, and 2025. (Doc. 1, p. 8-14.) Petitioner asserts that Respondent did not file any annual review documents with the committing court in 2023. *Id.* at 9. Highly summarized, Petitioner alleges that in March 2022, February 2024, March 2025, and February 2026, Respondent filed annual review documents with the committing court, including a document by which Petitioner requested "an annual review pursuant to K.S.A. 59-29a08." *Id.* at 8-10, 12-13. Neither Respondent, the Kansas attorney general, nor the committing court took any further action—

2

Petitioner was not afforded an annual review hearing or appointed counsel and no order reflecting the court's in camera review and conclusions was filed in 2022, 2024, 2025, or 2026. *Id.* Petitioner also alleges irregularities in evaluations or examinations of him that occurred in February 2024 and March 2025. *Id.* at 11-12.

Petitioner alleges that he attempted to seek relief in the committing court in the following ways:   In July 2022, Petitioner filed documents asserting that his rights to counsel and to an annual review had been violated, but the court "ignored the documents." *Id.* at 8-9. In June 2024, Petitioner filed a motion to appoint counsel. *Id.* at 10. No action was taken. *Id.* In April 2025, Petitioner filed a motion for annual review, a constitutional challenge to the annual review provisions of the KSVPA, a motion for counsel, and a motion for independent examiner. *Id.* at 11. In June 2025, Petitioner filed a motion seeking a ruling on the April 2025 motions. *Id.* The committing court "ignored" the motions. *Id.*

In February 2026, Petitioner submitted a motion for annual review, a motion for counsel, a motion for an independent examiner, a motion in limine related to a probable cause hearing, and a notice of appeal for the 20225 annual review. *Id.* at 13. Although Petitioner asked the district court clerk in April 2026 about the status of these filings, he was informed that they had not been filed at that time and, to date, Petitioner has not received a file-stamped copy of the documents. *Id.*

On June 26, 2026, Petitioner filed in this Court the petition for writ of habeas corpus that began this case. (Doc. 1.) Based on the above facts, taken as a whole, Petitioner asserts six grounds for federal habeas relief. *Id.* at 6-7. In Ground One, he asserts the violation of his right to "freedom from restraint" as protected by the First and Fourteenth Amendments to the United States Constitution. *Id.* at 6. In Ground Two, he asserts the violation of his Fourteenth Amendment right to due process. *Id.* In Ground Three, he asserts the violation of his Fourteenth Amendment right to

3

counsel. *Id.* In Ground Four, he asserts the violation of his Fourteenth Amendment "right to [an] Independent Examiner." *Id.* In Ground Five, he asserts the violation of his Fourteenth Amendment "right to Annual Review." *Id.* at 7.

Ground Six of the federal habeas petition is based on different facts. In Ground Six, Petitioner asserts the violation of his First Amendment right to access the courts. *Id.* As supporting facts for Ground Six, Petitioner asserts that Larned State Hospital does not provide a person trained in the law to assist him, leaving Petitioner dependent on "Writ Writers and residents with paralegal degrees" if he wants to pursue legal relief. *Id.* Petitioner notes that these individuals are not always available or in the program. *Id.*

Petitioner also asserts that the law library available in the facility is available only by computer. *Id.* Larned provides no training on how to use the computer, leaving Petitioner unable to do so. *Id.* Moreover, Petitioner is only allowed to use the computer for a maximum of one hour per day. *Id.* As relief in this matter, Petitioner seeks declaratory relief, an order for his "outright and swift release," and any other relief this Court deems necessary. *Id.* at 14.

### Initial Screening Standards

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of the Rules authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby*

4

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### Ground Six

Ground Six is subject to dismissal for failure to articulate a ground on which federal habeas corpus relief could be granted. To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ground Six does not challenge the constitutionality of the fact that Petitioner is in custody. Rather, it alleges a violation of Petitioner's civil rights, namely his First Amendment right to access the Courts, based on a lack of legal assistance and a computerized law library.

A civil rights action under 42 U.S.C. § 1983 is the proper avenue by which a prisoner may challenge unconstitutional conditions of confinement. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). If Petitioner wishes to pursue suit under 42 U.S.C. § 1983, he must submit a complete and proper complaint that will begin a separate civil rights action. Ground Six is, however, subject to dismissal from this federal habeas action. Petitioner will be granted time in which to show cause, in writing, why Ground Six should not be dismissed.

### Exhaustion/Procedural Default

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538,

1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

The Court finds that resolving the exhaustion question in this matter requires additional information from the Respondent, so the Court concludes that a limited Pre-Answer Response ("PAR") is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file a PAR addressing whether Grounds One through Five of the petition were properly exhausted, procedurally defaulted, or are subject to anticipatory procedural default. The PAR should not address the merits of Grounds One through Five.

If Respondent does not intend to argue that Grounds One through Five were not properly exhausted or she concludes that Grounds One through Five of the petition were properly exhausted, she shall notify the Court of that decision in the PAR. With the PAR, Respondent may file in this case any state-court records required to support its arguments. Upon receipt of the PAR, the Court will issue further orders as necessary and will set a deadline for Petitioner to reply to the PAR if necessary.

**IT  IS THEREFORE ORDERED** that Petitioner is granted to and including **August 24, 2026** to show cause, in writing, why Ground Six of the petition should not be dismissed for the reasons set forth in this order.

**IT IS FURTHER ORDERED** that Respondent is granted to and including **August 24, 2026** to file a Pre-Answer Response that complies with this order. The clerk is directed to transmit

6

copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 22nd day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge